**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PREMIER POOLS MANAGEMENT CORP., | No. 18-16551 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02038-JAM-EFB |
| v. | MEMORANDUM[*] |
| COLONY INSURANCE CO., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 15, 2020[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and LEE, Circuit Judges.

Premier Pools Management Corporation ("PPMC") appeals a district court

order granting summary judgment in favor of Colony Insurance Company

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

("Colony"), holding that the "law of the case" doctrine did not prevent the court from determining whether Colony owed a duty to defend PPMC in a trademark infringement lawsuit; finding that Colony owed PPMC no duty to defend; and dismissing PPMC's claims for indemnity, bad faith, and punitive damages. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Street Surfing, LLC v. Great Am. E & S Ins. Co.*, 776 F.3d 603, 607 (9th Cir. 2014), we affirm.

The district court properly rejected PPMC's argument that our prior opinion, from a prior appeal in the same litigation, precluded the district court from determining whether Colony owed PPMC a duty to defend. Our prior opinion makes clear that we previously decided a single, narrow issue: whether PPMC was an insured party, and therefore had standing to sue for coverage, under the relevant Colony policies. Because we did not consider and decide the separate, broader issue of whether Colony owed PPMC a duty to defend, there was no "law of the case" on that issue, and the district court was free to decide it. *See Mortimer v. Baca*, 594 F.3d 714, 720–21 (9th Cir. 2010).

The district court, on the merits, also correctly rejected PPMC's argument that the underlying trademark infringement lawsuit triggered Colony's duty to defend PPMC for "personal and advertising injury" caused by PPMC's alleged disparagement, use of another's "advertising idea," and use of another's "slogan." PPMC failed to tender the amended complaint containing the relevant, new

disparagement allegations, so Colony owed no duty to investigate those allegations or to defend PPMC against them, as a matter of law. *See Travelers Cas. & Sur. Co. v. Emp'rs Ins. of Wausau*, 29 Cal. Rptr. 3d 609, 616 (Cal. Ct. App. 2005).

And the plaintiff in the trademark infringement lawsuit accused PPMC of infringing the company name "Premier Pools," which the plaintiff repeatedly characterized as a trademark—the infringement of which the Colony policies do not cover—and not an "advertising idea" or a "slogan." "Premier Pools" is not an "advertising idea" or a "slogan" as a matter of California law. *See, e.g.*, *Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 600 F.3d 1092, 1100 (9th Cir. 2010) (applying California law) ("[T]he proper test is whether the patents at issue involve any *process or invention* which could reasonably be considered an advertising idea." (emphasis added) (internal quotation marks omitted)); *Street Surfing*, 776 F.3d at 608–09 (applying California law) (concluding that a "slogan" is "a brief attention-getting *phrase*," and lack of allegations otherwise suggesting that "Street Surfer" was a slogan foreclosed duty to defend for slogan infringement). The district court thus correctly granted summary judgment in favor of Colony.

Because Colony owed PPMC no duty to defend, PPMC's indemnity and bad-faith claims fail as a matter of law. *See Collin v. Am. Empire Ins. Co.*, 26 Cal. Rptr. 2d 391, 399 (Cal. Ct. App. 1994) ("[W]hile an insurer has a duty to defend

18-16551

suits which potentially seek covered damages, it has a duty to indemnify only where a judgment has been entered on a theory which is actually (not potentially) covered by the policy."); *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995) ("[A] bad faith claim cannot be maintained unless policy benefits are due[.]" (quoting *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 256 (Cal. Ct. App. 1990))). PPMC's punitive damages claim fails as well: other than alleging bad faith, PPMC does not explain how Colony acted fraudulently, oppressively, or maliciously. *See* Cal. Civ. Code § 3294. The district court correctly dismissed all three claims.

Costs are awarded to Colony Insurance Company.

**AFFIRMED.**